IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JERRY WAYNE TILLISON | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. EP-14-CV-270-MAT |
| | § | |
| NANCY A. BERRYHILL,[1] | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision pursuant to 42 U.S.C. § 405(g). Plaintiff Jerry Wayne Tillison ("Tillison") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment. 28 U.S.C. § 636(c); Local Court Rule CV-72. For the reasons set forth below, the Commissioner's decision will be **AFFIRMED**.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this case.

1

## I. PROCEDURAL HISTORY

Tillison served in the military for twenty-three years as a Patriot operator and maintenance person, and later as a recruiter and career counselor before being honorably discharged on December 31, 2010. (R. 35, 451).[2] He was forty-eight years old at the time of his hearing before the Administrative Law Judge ("ALJ"). (R. 34). Tillison filed an application for DIB on August 8, 2012, in which he alleged disability beginning February 8, 2011, due to a generalized anxiety disorder, degenerative arthritis of the cervical spine, obstructive sleep apnea, exercise induced bronchial disorder, intervertebral disc syndrome, degenerative arthritis of the thoracic spine, tinnitus, and hypertension. (R. 118, 144). After his application was denied initially and upon reconsideration, Tillison requested a hearing. (R. 57-60, 63-67). On August 14, 2013, he appeared with his attorney for a hearing before the ALJ. (R. 31-53). On February 14, 2014, the ALJ issued a written decision denying benefits on the ground that Tillison is able to perform a limited range of light work that exists in significant numbers in the national economy. (R. 12-25). On May 21, 2014, the Appeals Council denied Tillison's request for review, thereby making the ALJ's decision the Commissioner's final administrative decision. (R. 1-3).

Tillison argues that: (1) the ALJ's residual functional capacity ("RFC") finding is not supported by substantial evidence; and (2) the ALJ did not give Tillison's United States Department of Veterans Affairs' ("VA") disability rating the proper weight.

---

[2] Reference to the record of administrative proceedings is designated by (R.[page number(s)]).

## II. DISCUSSION

A. STANDARD OF REVIEW

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In determining whether there is substantial evidence to support the findings of the Commissioner, the Court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). If the Commissioner applied the proper legal standards and his findings are supported by substantial evidence, they are conclusive and must be affirmed. *Id.*

B. ANALYSIS OF TILLISON'S CLAIMS

1. *RFC is Supported by Substantial Evidence*

RFC is defined as the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545. The responsibility to determine the claimant's RFC belongs to the ALJ. *Ripley*, 67 F.3d at 557. In making this determination, the ALJ must consider all the record evidence and determine Plaintiff's abilities despite any physical and mental limitations. 20 C.F.R. § 404.1545. The ALJ must consider the limiting effects of Plaintiff's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1545, 404.1529. However, a claimant's own subjective complaints, without supporting objective medical evidence, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529. The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

The ALJ determined that Tillison had the RFC to perform light work[3] with the following limitations: (1) he is unable to climb ladders, ropes or scaffolds; (2) he can occasionally climb ramps or stairs and can frequently balance; (3) he can only occasionally stoop, crouch, or crawl; (4) he should avoid even moderate exposure to excessive vibration and to unprotected heights;

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

"'Frequent' means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." SSR 83-10, at *6 (1983).

(5) he is limited to simple, routine and repetitive tasks; and (6) he should have only occasional interaction with the public and with co-workers. (R. 18). Tillison argues that the ALJ failed to properly consider all his limitations, especially those relating to his back impairments, and that he "is unable to perform the sitting/stand/walking requirements of light and sedentary work and the records supports [sic] that claimant would need a sit/stand at will option." (ECF No. 21, at 4). Support for this argument is presented in the form of a summary of subjective complaints and medical records, most of which is set out in a single paragraph extending five pages and void of any interpretation or analysis. *Id.* at 5-9. The ALJ acknowledged, however, that Tillison had several severe impairments that could reasonably be expected to cause the symptoms alleged, but nonetheless found that Tillison's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . ." (R. 14, 19).

The medical records do not fully support Tillison's complaints about pain and self-described limitations. For example, treatment records from Oswaldo C. Cajas, M.D., indicate Tillison exhibited a normal range of motion with no complaints of musculoskeletal pain during his February 24, 2012, and May 11, 2012, examinations. (R. 350, 354). The State agency physician, Scott Spoor, M.D., reviewed Tillison's medical records and determined that he retained the capacity for light work consistent with that ultimately described by the ALJ. (R. 814-21). A July 17, 2012, progress report shows that despite periodic complaints of pain, Tillison's spinal cord stimulator had not been programmed for the preceding two years, suggesting disuse. (R. 20, 405). Finally, a September 9, 2011, medical report states that Tillison had very good pain control with his medications. (R. 331); *see Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988) ("If an impairment reasonably can be remedied or controlled by medication

or therapy, it cannot serve as a basis for a finding of disability.") (citation omitted).

Moreover, the ALJ found that Tillison's testimony and behavior evinced the capacity to engage in a limited amount of light work. The ALJ noted that Tillison decided not to attend physical therapy in March 2012 that he was referred to, indicating that the pain was not as serious as alleged. (R. 20, 505). Additionally, the ALJ considered the activities Tillison had been engaging in such as taking classes to get a master's degree, working around the house, attending mass, volunteering with the American legion motorcycle riders and the Endearment house for children of undocumented immigrants, riding his motorcycle, using an elliptical trainer, going target shooting, and driving his children home from school each afternoon. (R. 21-23); *see Leggett v. Chater*, 67 F.3d 558, 565 n. 12 (5th Cir. 1995) ("It is appropriate for the Court to consider the claimant's daily activities when deciding the claimant's disability status.") (citation omitted). Based on the foregoing, the Court finds that the ALJ's RFC determination is supported by substantial evidence on the record. *See Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir. 1988) (affirming denial of benefits in case where ALJ found claimant's testimony concerning severity of her pain not credible based on inconsistencies between descriptions of her physical symptoms and descriptions in her medical records, as well as inconsistencies between her testimony on pain and her daily activities).

### 2. *The ALJ Properly Considered Tillison's VA Disability Rating*

Tillison argues that the "ALJ erred by failing to give the VA rating proper weight without sufficient explanation." (ECF No. 21, at 11). "A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered

by the ALJ." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). "ALJs need not give 'great weight' to a VA disability determination if they adequately explain the valid reasons for not doing so." *Id.* "[T]he VA's actual 'disability' determination is not what is significant to the ALJ; rather, it is the reasoning and medical records that support the VA's finding." *Branton v. Astrue*, No. 1:11-CV-085-BL, 2012 WL 4813833, at *3 (N.D. Tex. Apr. 27, 2012), *report and recommendation adopted*, No. 1:11-CV-085-C, 2012 WL 4813771 (N.D. Tex. Oct. 10, 2012).

The ALJ disagreed with the VA about the significance of Tillison's impairments[4] based upon Tillison's testimony and the evidence of record, which included the VA medical records. (R. 19). As explained above, the ALJ found that Tillison's back impairments, though severe, did not entirely limit his ability to work.[5] Similarly, the ALJ concluded that Tillison's mental health issues and asthma were less serious than alleged[6] based on a review of medical records, work records, and Tillison's own admissions (R. 21-22). By examining the medical records that supported the VA's finding and substantively addressing the underlying conditions that formed the basis of the VA disability rating, the ALJ effectively explained why the VA disability rating was given diminished weight. Thus, the Court finds the ALJ did not err in the weight afforded to

---

[4] The ALJ identified Tillison's spinal disorder, anxiety, PTSD, and chronic obstructive pulmonary disease as main contributors to the VA disability rating. (R. 19). This is consistent with both Tillison's testimony and the VA disability rating form which assigned the following percentages to Tillison's conditions: (1) Dysthymic disorder and generalized anxiety disorder 70%; (2) Degenerative arthritis cervical spine 20%; (3) Obstructive sleep apnea and exercise induced bronchial asthma 50%; (4) Intervertebral disc syndrome, degenerative arthritis of thoracic spine 20%; (5) Tinnitus 10%; (6) Hypertension 0%. (R. 453-54).

[5] Defendant emphasizes that even though Tillison was treated with a laminectomy in 2005 and a spinal cord stimulator in 2006, he was nonetheless able to maintain full-time employment until April 2011. (ECF No. 22, at 10).

[6] Although other conditions were included in the VA disability rating, these conditions appear to have formed the foundation of the VA disability rating. Furthermore, the Court notes that Tillison's combined service-connected evaluation was only 90%, and that he was "granted entitlement to the 100% rate [because he was] unable to work due to [his] service connected disability/disabilities." (R. 451, 454). The portion of Tillison's entitlement that results from a vocational determination by the VA is not due deference under Fifth Circuit case law. *See Loya v. Heckler*, 707 F.2d 211, 214 (5th Cir. 1983) (explaining ALJ validly rejected physicians' conclusions that were based on vocational, rather than medical, considerations).

the VA disability rating.

## III. CONCLUSION

**IT IS ORDERED** that the decision of the Commissioner will be **AFFIRMED**.

**SIGNED and ENTERED** this 1st day of June, 2017.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE